United States District Court
for the Central District of Illinois
Urbana Division

FILED
15-CV-2068
MAR 30 2015
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Jon Giles
    Plaintiff

-vs-

Timothy F. Bukowski, Sheriff
Chad Kolitwenzew, Chief of Corrections
Robert Schultz, Asst. Chief of Corrections
Jen Robinson, United States Marshal Northern District of Illinois

Now comes the Plaintiff, Jon Giles Pro-se filing this complaint under the Civil Rights Act, title 42 Section 1983 U.S Code (state, county or municipal defendants) before this honorable court. Venue is properly placed.

This is a civil action authorized by 42 U.S.C Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3). Plaintiff seeks declatory relief pursuant to 28 U.S.C Section 2201 and 2202.

Plaintiff:
    Jon Giles #466019
    Jerome Combs Detention Center
    3050 S. Justice Way
    Kankakee, IL 60901

Defendants:
1) Timothy F. Bukowski; sheriff
2) Chad Kolitwenzew; chief of corrections
3) Robert Schultz; Asst. chief of corrections
4) Ken Robinson, United states Marshal Northern District of Illinois

III. List all lawsuits you have filed in any state or federal court in the united states;

A) Name of case and Docket number;
Jon Giles -v- chicago Police officers wenseslao zavala, victor newman, christopher murrah, and the city of chicago

B) Approximate Date of filing lawsuit;
March 2011

C) List all plaintiffs including any aliases
Jon Giles

D) list all Defendents:
city of chicago
wenseslao zavala
victor Newman
christopher murrah

E) court in which the lawsuit was filed;
U.S District court Northern District of Illinois
Eastern Division

F.) Name of Judge to whom case was assigned;

G.) Basic claim made;
excessive force, false Arrest, Denial of medical treatment

H.) Disposition of this case;
The City of Chicago settled the case for #16,250

I.) Approximate Date of Disposition;
August 2013

"Individual And official Capacity"
"Color of Law"

A.) At all times Relevant to this Complaint, Defendant Timothy F. Bukowski, "sheriff" of the JCDC Kankakee County Jail. Timothy F. Bukowski is sued in his individual and official capacity. 3050 South Justice Way, Kankakee Illinois 60901

B.) At All times Relevant to this complaint Defendant Chad Kolitwenzew was and is the chief of corrections of JCDC Kankakee County Jail. Chad Kolitwenzew is sued in his individual and official capacity. 3050 South Justice Way, Kankakee Illinois 60901

C) At All times Relevant to this complaint Defendant Robert schultz, was and is the Assistant Chief of Corrections of JCDC Kankakee County Jail. Robert schultz is sued in his individual and official capacity. 3050 S. Justice way, Kankakee Illinois 60901

D) At All times Relevant to this complaint, Defendant Ken Robinson, was and is the head of the United states Marshal service, Northern District of Illinois 219 South Dearborn street, Room 2444, chicago Illinois 60604

E) At all times Relevant to this complaint Defendants Are staff members whose names are not Known and now are considered as "John Does". "John Does" are being sued in their individual and official capacity.

## "Color of Law"

At All times Relevant to this complaint Defendants Timothy F. Bukowski, chad Kolitwenzew, Robert schultz, Ken Robinson service (John Does), John Does were Acting under the color of State Law.

As A Result of the forgoing, Plaintiff seeks exemplary, punitive, compensatory and nominal damages against the Individual Defendants

## Factual Allegations

1) Plaintiff Jon Giles is a convicted offender currently serving a state prison sentence who was simultaneously being held as a federal pretrial detainee at the Jerome Combs Detention center on the date of the event herein described.

2) On 10/9/14 I was housed on E-Pod cell 20. My cell mate was Robert Scott #454353 a physically impaired detainee who was recovering from eight gunshot wounds. Another state detainee, Kendrick Moore was housed in cell E13 under administrative segregation status due to his protracted history of violence and mental illness.

3) Inmate Kendrick Moore, per administrative rules was to receive his one hour mandated "out of cell" time by himself and following this one hour to be secured back in his cell so the remainder of the wing could come out of their cells.

4) After inmate Kendrick Moore was allowed his one hour out for individual recreation, he remained hidden in lower shower by secreting himself behind the curtain during the duration of the 3:00 PM shift count, unbeknownst to the E-Pod officers who didn't notice he was not in his cell.

5) At approximately 3:15 P.M. the E-Pod officers rolled the entire top gallery to allow the second floor our two hours out of cell time. I was housed on the second

floor at this time

5) my cellmate, Robert Scott exited the cell and was immediately attacked, unprovoked, by Kendrick Moore who by then had emerged from his hiding place in the shower. I heard the commotion and when I exited my cell I observed Kendrick Moore attacking Robert Scott and attempting to hoist him over the top of the second floor Railing. I looked downstairs and saw two correctional officers c/o Mayo and c/o Tobek just standing there watching as if in shock.

7) At this point Kendrick Moore had lifted Robert Scott up over the Rail and I feared that he was going to throw him over the Railing down to the first floor landing causing severe injury or Death. I intervened by attempting to grab Robert Scotts arm and at that point inmate Kendrick Moore turned on me and began to viciously attack me with his fist. We then engaged in a fight.

8) After Approximately four (4) minutes of fighting I noticed Roughly five correctional officers had Responded and were simply standing Around watching while Kendrick Moore attacked me. I kept hearing them yell out Repeatedly "where's the taser? Where's the taser?". At this point Kendrick Moore was grabbing my hair and punching me in the face and body.

9) After approximately another minute, I was ordered by C/O Mayo to "Just lay down Biles, Just lay down and cuff up". I complied with the officers direct order and laid on the ground, I was then cuffed up. While one of my wrist were in cuffs and I was laid on my stomach I felt a body jump on top of my back and begin striking me. When I looked up I realized it was inmate Kendrick Moore. As approximately five (5) correctional officers stood there and watched idly, Kendrick Moore then began to brutally bite my left arm, tearing into my flesh and locking onto my arm. As Kendrick Moore savagely bit me, the officers present failed to protect me, instead they simply yelled out for Kendrick Moore to "Let his arm go, let it go now!"; meanwhile, I was in one cuff which was being held by C/O Mayo, laid on my stomach which rendered me unable to defend myself or protect myself.

10) After enduring approximately two minutes of Kendrick Moore biting me while handcuffed, an officer responded with a taser and fired it into Kendrick Moores back causing him to release my arm. He was then handcuffed and taken to Disciplinary segregation.

11) I was transferred via jail van to the Riverside Hospital Emergency Room where I was treated for multiple severe bites to my left forearm. The bite wounds were cleaned thoroughly to prevent infection, I was given a tetnus shot and treated with anti-biotics.

12.) As a result of this attack I endured severe pain and suffering at the hands of Kendrick Moore. My left forearm still bears two vivid scars/keloids which are large and permanent. I suffer from nerve damage in the area of the bite wounds, itching, burning and a loss of some feeling on the Dermal level. I also have some muscle damage from the depth of the bite wounds.

13.) Defendants failure to protect me from this attack is a Blatant Eighth Amendment violation due to J.C.D.C. staff's Deliberate Indifference. It was previously well established that inmate Kendrick Moore was a violent and Dangerous inmate who was prone to commit such acts which was why he was Relegated to being in "isolation status" at the time of the attack. In addition the guards failed to Respond Reasonably to protect me

14.) I had previously Raised complaints and filed grievances with the J.C.D.C. staff and U.S. Marshalls office in regards to being housed around pre-trial state Detainees. I am a convicted state prisoner currently serving a twenty-one year sentence (21) the ILCS Dictates that Pre-trial Detainees and convicted offenders shall be housed seperately. Inmate Kendrick Moore is a pre-trial State Detainee, I should have never been housed around him in the first place

15.) The officers were negligent in allowing Kendrick Moore to hide in the shower stall by not properly checking to ensure that he was in fact in his cell. This breach of security allowed Moore the opportunity to breach the security protocols and attack me and Mr Robert Scott thereby resulting in severe injury to myself.

16.) Defendants failure to respond to Kendrick Moores attack on me for approximately 4-6 minutes (Although at least two officers were present for the entire duration of the attack) shows clear failure to protect and negligence. When the officers did in fact respond they handcuffed only me, leaving inmate Moore free to attack me again while I was helpless and defenseless. Inmate Moore was able to then bite me while I was on the ground in handcuffs for roughly two minutes before responding officers tased him and got him off me.

17.) The cumulation of events led to a clear violation of my constitutional rights on several grounds by all the named Defendants

18.) The conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfullness, and reckless indifference

19.) Plaintiffs injuries and the violations of his constitutional rights were directly and proximately caused by the policies and practices of Defendants

20.) The Acts Described above have caused damages to plaintiff

21.) Plaintiff seeks Declatory Relief, and nominal and compensatory damages against all Defendants. Plaintiff seeks Punitive Damages against the individual Defendant in their individual Capacities

## Request for Relief

22.) Nominal Damages for each violation of Plaintiffs Rights by the Defendants

23.) Compensatory Damages in the Amount of $50,000.00

24.) Punitive Damages against the individual Defendants in the Amount of $100,000.00

25.) Any other such Relief that this court deems just and equitable

Jon Giles
Jon Giles
3/25/15