E-FILED
Tuesday, 05 May, 2015  10:43:11 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JON GILES,
    Plaintiff,

vs.                                                                            15-2068

TIMOTHY BUKOWSKI, et.al.,
    Defendants.

## MERIT REVIEW ORDER

      This cause is before the court for a merit review of the Plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The Plaintiff, a *pro se* prisoner, filed this lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Jerome Combs Detention Center by Sheriff Timothy Bukowski, Corrections Chief Chad Kolitwenzew, Assistant Chief Robert Schultz and U.S. Marshal Ken Robinson.

      The Plaintiff says he is currently serving a state prison sentence, but was housed at the Jerome Combs Detention Center as a federal pre-trial detainee. On October 9, 2014, the Plaintiff says a violent inmate who was housed separately from other inmates, hid in the jail shower area and attacked Plaintiff's cell mate. When Plaintiff attempted to help, the inmate began attacking the Plaintiff as several guards stood by and watched. Finally, the guards intervened and told the Plaintiff to lay down to be cuffed up. The Plaintiff complied, but again the inmate jumped on him and continued to attack him. The Plaintiff says the guards again failed to protect him from the assault. Plaintiff says he was taken to the hospital and still suffers from injuries.

      The Plaintiff has clearly alleged a violation of his Eighth Amendment rights based on a failure to protect him from an inmate assault. However, the Plaintiff has identified the wrong Defendants. A defendant cannot be held liable under 42

USC §1983 unless a Plaintiff can demonstrate the defendant caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). Therefore, Defendants who were in the direct vicinity and could have stopped the assault are the correct Defendants. The Plaintiff has instead named supervisors apparently because he complained that he should not be "housed around pre-trial detainees." (Comp, p. 8). However, a prison official may be found liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v Brennan,* 511 U.S. 825, 837 (1994). A vague complaint about housing is not sufficient. In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Finally, the Plaintiff has failed to adequately articulate an official capacity claim.

Therefore, the court will allow the Plaintiff additional time to file an amended complaint to identify the appropriate Defendants. The Plaintiff should identify any officer who was in the vicinity and could have intervened to stop the assault.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff has failed to state a claim upon which relief can be granted against any of the named Defendants. The complaint is therefore dismissed.

2) The Plaintiff must file an amended complaint within 21 days of this order clarifying his intended claims and Defendants. The clerk is to provide the Plaintiff with a blank complaint form to assist him. If the Plaintiff fails to file his amended complaint within 21 days, his case may be dismissed.

3) The Plaintiff is reminded he MUST immediately inform the court of any change in his mailing address of phone number in writing. Failure to provide this information will lead to the dismissal of Plaintiff's lawsuit. The Plaintiff is no longer housed at Jerome Combs Detention Center and must confirm his new address.

4) The clerk is to reset the internal merit review for thirty days from the date of this order.

ENTERED this 5th day of May, 2015

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE