UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JON GILES,
    Plaintiff,

vs.          15-2068

TIMOTHY BUKOWSKI, et.al.,
    Defendants.

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for a consideration of the Plaintiff's amended complaint. The Plaintiff's initial complaint was dismissed for failure to state a claim upon which relief could be granted. *See* May 5, 2015 Merit Review Order. The Plaintiff had clearly alleged a violation of his constitutional rights based on a failure to protect him from an inmate assault. However, the Plaintiff identified the wrong defendants. Therefore, the court allowed additional time to file an amended complaint clarifying the claims and the Plaintiff has now complied. *Id.*

The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff's amended complaint identifies five Defendants from the Jerome Combs Detention Center including Correctional Officer Tobek, Correctional Officer Mayo, Correctional Officer Meehan, Corrections Chief Chad Kolitwenzew and Assistant Chief Robert Schultz. The Plaintiff says he would like to dismiss Defendant Ken Robinson who was named in his original complaint and his new complaint no longer names Sheriff Bukowski as a Defendant.

The Plaintiff again explains he is serving a state prison sentence, but was housed at the Jerome Combs Detention Center as a federal pre-trial detainee. The Plaintiff says the jail requires convicted inmates to be housed separately from pretrial detainees. Therefore, he was originally housed in Administrative Detention with other inmates who had been convicted of crimes. However,

Defendant Kolitwenzew moved him to an area with pretrial detainees.  In addition, Defendants Kolitwenzew and Schultz made the decision to move a mentally unstable inmate with a well-known history of violent attacks to the less secure area where the Plaintiff was housed.  Although the inmate was kept in a single man cell, he was allowed out of his cell for one hour each day.

On October 9, 2014, the inmate hid in the jail shower area and attacked Plaintiff's cell mate.  The Plaintiff says it was Defendants Mayo, Meehan and Tobek's job to supervise this inmate. When Plaintiff attempted to help his cell mate, the inmate began attacking the Plaintiff as Officers Mayo, Meehan and Tobek stood by and watched.  Finally, the guards intervened and Defendant Mayo told the Plaintiff to lay down to be cuffed up.  The Plaintiff complied, but again the inmate jumped on him and continued to attack him.  The Plaintiff says the guards again failed to protect him from the assault.  Plaintiff says he was taken to the hospital and still suffers from his injuries.

The Plaintiff has adequately alleged a claim against each of the named Defendants. The court notes since the Plaintiff was a pre-trial detainee at the jail, his claim is analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *Washington v. LaPorte Cnty. Sheriff's Dept.,* 306 F.3d 515, 517 (7th Cir.2002) (citations omitted).   However, there appears to be little distinction since "[t]he protections for pre-trial detainees are at least as great as the Eighth Amendment protections available to a convicted prisoner" and courts "frequently consider the standards to be analogous." *Id.* (internal quotation marks and citations omitted).

The Plaintiff has stated a claim against Defendants Kolitwenzew, Schultz, Mayo, Meehan and Tobek in their individual capacities and also against Defendant Kolitwenzew in official capacity.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff has alleged Defendants Kolitwenzew, Schultz, Mayo, Meehan and Tobek violated his Fourteenth Amendment rights when they failed to protect him from an inmate attack.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Ken Robinson and Timothy Bukowski as they are no longer listed as a Defendants in the amended complaint; 2) add new Defendants Correctional Officers Mayo, Meehan and Tobek; 3) dismiss Plaintiff's motion for a status update as moot [12]; 4) attempt service on Defendants pursuant to the standard procedures; 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 6) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 21st day of July, 2015.

s/ Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE